Appellant. Ms. Davis for the appellant, Mr. Apperson for the affiliate. Good morning, Your Honors. Mary Davis on behalf of Mr. Marsh. The issue I would like to discuss this morning, with the Court's permission, is the second issue that was raised in the brief, and that is whether Mr. Marsh is entitled to resentencing because the District Court clearly has a policy to always impose the highest sentence possible when there is a warrant for a defendant to be sentenced. And I would like to discuss that with Mr. Marsh in this brief. And I would like to discuss whether Mr. Marsh is entitled to resentencing because the District Court clearly has a policy to always impose the highest sentence possible when there is a violation of supervised release. In this case, Mr. Marsh's guideline range was 12 to 18 months, and there was a statutory maximum of 36 months. Mr. Marsh was given a 36-month sentence, which is double the high end of the guideline range. Notably in this case, the government asked for a sentence at the top of the guideline range and said it did not have permission to ask for more, but even if it did, the government would not have asked for more time because they felt that Mr. Marsh's early plea to the new charges and his acceptance of responsibility made the case not as egregious as it otherwise might have been. The judge told Mr. Marsh from this onset that he, what reminded him that he tells every single defendant... Can I just interrupt you? You said he had a policy of sentencing at the maximum, and it certainly reads like that, but then he says, he says, he talks about, he says, absent extraordinary circumstances, which this case doesn't have in your favor. This case has extraordinary circumstances not in your favor. So he does talk about his policy, but then he does suggest that extraordinary circumstances might provide an exception. Well, he does say that. Doesn't that suggest maybe he doesn't, and then he goes on to explain why he thinks the extraordinary circumstances are not in his favor. Exactly. Exactly. We submit that the factors cited by the judge are not extraordinary. The first factor... Yeah, I get your point about that, but if the judge says, in one sense, I have a policy about sentencing at the maximum, and then he says, and there are no extraordinary circumstances here that would cause me to deviate from that, doesn't that suggest he doesn't have a policy? No, I don't think it does because I think it's very clear in this case as well as other cases that the judge always says, he's been saying for 10 years, I am going to give the maximum sentence. And I call the court's attention to, I believe it was the Brown case where almost the exact same language was used, and this court vacated the sentence and remanded it. But if the judge has a default assumption and then says, I have a default assumption, but then I look at each particular case to determine whether my assumption is going to hold true, then doesn't that suggest that it's an assumption, but then it's getting case-specific consideration? No, not when the judge does the same thing in every case, which I believe the judge did in the Brown case, and I believe, and when the judge gives factors, the factors that are given by, the reasons given by the judge are not legitimate factors, then it's meaningless what the judge says. Because in this case, the judge cited three factors, but none of them really explained the reason for imposing the sentence that was imposed. I mean, he said that Mr. Marsh lied at the time of the initial sentencing, that he lied to the court. Well, that's not a factor that, first, there's no proof of it. There's no evidence that Mr. Marsh lied. Mr. Marsh's statements to the court at the violation hearing, he said, you know, I would point out that Mr. Marsh, although it wasn't a real long time, but for over two years after his release in this case, was not involved in any criminal conduct. So while the guidelines allow a court to take into consideration breaches made while on supervised release, that was not the reason given. The reason given was that Mr. Marsh lied at the time of the sentence. There's just no proof of that. I mean, I believe probably every defendant coming in before sentencing said, I'm going to do better. I'm not going to do this again. And repeatedly, of course, there's always people who come back before judges because they've gotten in trouble. And I don't think this is a valid reason for giving him the maximum sentence. Also, the judge talked about his employment as a mentor, as a cover. There's no evidence that it was a cover of anything. It was just evidence that Mr. Marsh was employed. His employees were very satisfied with what he was doing. There was no evidence that he was using this as a cover to be involved in the drug conspiracy. So again, this is not a valid factor. And finally, the judge said he was involved in a large-scale conspiracy and there was a weapon involved. Well, Mr. Marsh pled guilty, I believe, to 15 kilograms of cocaine in the new case. I don't believe that, I mean, granted, that's a lot of drugs, but it certainly is by far not the largest case seen in this court. I mean, there are cases involving much, much more drug amounts. And the problem here is that the judge citing these reasons doesn't say why that warrants the highest sentence possible as opposed to some other sentence, which the judge is required to do. And on top of that, to make it worse, the judge never filed any written statement of the reasons so that this court could actually see where the judge was coming from other than these statements that were made during the sentencing. Can I take you back to the jurisdictional argument for a second? Sure, you can. I know that you proceeded ahead, but I'm curious about one aspect of it, which is that as I understand the majority rule, the rule that the government's defending, whether pretrial detention time counts depends on what happens later. So you won't know at the time that, a defendant wouldn't know at the time that he or she's in pretrial detention whether that period is tolling the running of the period of supervised release. Correct, correct. And one may or may not think that that's sort of an odd way to construct a regime whereby you don't know until later whether it counts. But I guess what I'm asking you is, just as an experienced practitioner in the area, is there a practical problem with that from the perspective of a defendant or, I guess not a defendant, but a person who's been convicted? Is there maybe a legal reason why that doesn't make sense? And we'll hear from the government on that. But in terms of practical considerations, does that pose a practical problem in a way that you could inform us about? I'll be honest with you, I don't do a lot of district court work. I do mostly appellate work. Okay. But what I've seen of cases, I mean, it's very likely, I mean, it's possible for a judge to, of course, sentence someone on a violation prior to the actual, you know, conviction in the other case. I can't say personally what practice is in the district court to But one problem with the statute, other than it doesn't say that you count, you know, that pretrial time in detention, the other problem is it's one of the reasons given by, I believe, at least one or two of the courts, is that they don't want to shorten the period of supervised release because it reduces the amount of time the prisoner is monitored, and that undermines the rehabilitative goals of supervised release. But that argument really doesn't hold water because a person can be held pretrial for two years having no supervised release, and if they are acquitted on the charges, then there's been no supervision of that person, and the supervised release would be allowed to expire at the time it should have expired. And so there's this problem of not knowing who it's going to apply to until the very end, and that, I think, is a problem with the way the government's reading the statute. I think their position is just we should presume that supervised release time and time served in connection with a conviction is consecutive, and if a conviction is entered after the person has been in pretrial detention, then that time is in connection with the conviction, and we shouldn't treat the supervised release time as having run concurrently and therefore expired during that time, but as consecutive. I think that's the logic of their position. And I guess in terms of practical implications, one question for you is what about the person who one argument one might make in support of your client is that someone could be detained and then could bail themselves out and could be pending plea or a trial and not know during that period whether they're under supervised release or not, and in fact, whether they're under supervised release during that period could depend on something that has yet to happen, and that seems like a tough position to put an arrestee in. Well, exactly. In fact, Your Honor, I haven't thought of that possible scenario where someone actually is out on bail or PR. Supervised release, I would think, I would think supervised release would continue and therefore would be allowed to expire, but then if someone, again, right, it really isn't fair to the arrestee because you don't really know. It applies, the law applies according to the government's reading. It applies in some situations in some ways, in other situations in other ways, and if you follow the Ninth Circuit Court reading of the statute, it will apply equally to everyone, and because you don't count that time, period, and then you know exactly, exactly whether the supervised release was extended or not. What's the argument for if you're on release on bail, what's the argument for why your supervised release time would not have expired? Because you're still on supervised release, and, well, I mean, it doesn't have to expire. The judge can always sign a warrant. Right, but we're definitely, we're assuming a situation in which, because if a warrant is signed, then it doesn't expire. It does expire, right. No, I think it does not expire. Oh, it signs a warrant, it does not expire. Yeah, right, isn't that the way it works? So we're necessarily assuming a situation in which, as in this case, no warrant was signed. Exactly. So the only way the supervised release is told is if pretrial detention counts as in prison in connection with a conviction. Exactly, if the person is actually held on pretrial detention. Right, and so if they bail themselves out, then what's the argument for saying in that situation the supervised release would not have expired? It seems like it definitely would have expired. I think it would expire. It would. And so if you have a situation where the person is held on bail, supervised release expires on whatever date, say June 1st, but then there's a conviction in the second case on June 30th, and then the person goes through resentencing on the violation, well then it's already expired. And then it seems like the result of that is that whether supervised release expires or not turns on whether the person made bail. Whether the person made bail and also whether the person was actually convicted. I think the person can be held, if you read the statute according to the government's view, a person can be held, the supervised release would not terminate as long as the person is being held. Right, but I guess maybe I'm getting my terminology wrong. I'm assuming that somebody is not held in pretrial detention because they've been able to post the bond or whatever you do, and in that situation they're not in prison. So they can't be, under the statute, they can't be in prison in connection with a conviction because they're not in prison at all. Right. But then it seems like the consequence of that is that whether your supervised release time has expired or not turns on whether you were able to post and remove yourself from pretrial detention. Exactly, exactly. And I guess something else that just comes to mind is whether if someone is placed, say, in a halfway house, whether that is considered some sort of pretrial detention. And I think there's all sorts of scenarios that could possibly affect how the statute applies. But if you go with a straightforward reading of not counting any pretrial time, then it applies equally to everyone. Just to clarify the scope of the issues that are before us, you're no longer pursuing the ineffective assistance claim given that the appeal has gone forward? That is correct. We are not. Any further questions? Thank you. All right, thank you. Good morning, Your Honors. May it please the Court, Jerry Apperson for the United States. If I may address the issues in the order that counsel has addressed them. No, I think you should start with jurisdiction. Yes, sir. Yeah. The district court did not lack jurisdiction for the reasons cited by the four of the five circuit courts of appeals to address this issue. Only the Ninth Circuit is the outlier. It went first. Well, maybe it's right. It may be right, but I think the reasons set forth by all of the other circuits are very persuasive with respect to why it's not right. So it's true that under the majority rule, you can't know whether a period of pretrial detention counts unless and until you get to the point of the conviction? That's certainly correct. And it depends on the timing of the respective who's going first. There may be cases in which the petition for revocation is not filed until after there is a conviction. Here, there was an arrest that furnished the basis for the probation revocation. And in a normal case, a warrant would be issued. That's the standard procedure. And then we don't even get to this part. So this issue only arises in a situation in which the normal process doesn't work for such a reason. That's correct. And further, if I may go on further, in the case in which there's not been a conviction before the revocation petition is filed. So it's a factual matter. Yeah, right, right. Because if the conviction already happened, then everybody agrees that post-conviction detention causes the period not to expire. I think that's right. So we're only dealing with a situation in which the normal process of the arrest warrant doesn't work. And all you have is pretrial detention as the possibility of tolling the expiration of the period of arrest release. That's correct. So in that situation, the period of pretrial detention, nobody in the system will know whether that counts unless and until the adjudication of guilt happens. Right. That's actually correct. It would appear in the other circuit to recognize that. That seems like an awfully strange way to run the system, that the statute speaks in terms of whether the period of supervised release is running, and yet nobody knows whether it's running. Again, it would depend on the facts of how the cases shake out. So it's going to be a small, I submit, a guess. I'm talking about the category of cases in which this issue matters. Yes. There will be some cases in which that's the case. And in those cases... In every case in which this issue matters, just to be clear. In every case in which this issue matters, nobody will know whether pretrial detention counts until later. That's correct. Yeah. And that seems like a strange way to have a system, or strange to think that Congress has attempted that. I think it's true, but... Let me just add, to assure you about the question, isn't it especially strange since this is a jurisdictional question? I mean, courts can't act without jurisdiction. So the question Judge Srinivas is asking is, we won't know until later whether the court had jurisdiction early. You're asking us to make a jurisdictional decision retroactive. Have you ever heard of a statute that does that? No, I haven't. And the court is quite... I mean, we use the word odd, but, I mean, jurisdiction... Whether a court has jurisdiction and can therefore act is about as fundamental to our judicial system as anything I can think of. And yet, your argument is that we can make that decision retroactively.  It doesn't need to be retroactive, because a court that is faced with a situation in which there has not been a determination on whether a conviction has happened can continue the revocation matter. But that's not the category. So, too, could the government issue a warrant? I mean, that's just... No question. And normally the government wouldn't do that. So this is a tiny category of cases. I think that's correct. Very tiny. I think that's correct, Your Honor. And given the unclarity of the law and given the problems for someone who's been in for a period of time that might or might not have told the supervised release and then is out and the notice problems to that person, whether they can travel out of state or would be in violation of supervised release or not, don't we have an obligation to read this situation under whether it's rule of lenity or due process notice in a way that favors the criminal defendant? I mean, I fundamentally disagree for the reasons that the four circuits to address it did. The Ninth Circuit reading is not the plain reading. I don't think they considered those issues. I don't think they considered quite the issues that we're talking about here. I don't think either of the four circuits that support your position or the Ninth Circuit did consider... I believe it was the Fifth Circuit that exactly said the courts could continue the matter, that there would be a very narrow window of cases which this might affect where there would be a time period of uncertainty. And in those cases, the court could simply continue the matter until there was or was not a conviction. If there was not a conviction, then of course the court would lack jurisdiction. That would be the end of the matter. But in a case where there is a conviction, as it was here, the jurisdiction is very clear. Later on, you find that out later on. But can I ask about the way that Bond works in this context? Well, there's no Bond here because he was detained. This is a serious drug trafficking offense. Right. But in a state or local system, I take it this could happen, that you're subject to a charge and then the... This applies to state and local proceedings too, right? Correct. You're sure on it. And then a decision's made whether the person should be held in pretrial detention. One of the ways they can get themselves out of pretrial detention is to post a Bond. Is that right? That can happen? I think that's correct. Yeah. And so as I understand the way this would work out, whether there is a period of pretrial detention that potentially tolls the expiration of this period of supervised release depends on whether a Bond is posted. Well, it depends on whether or not he's incarcerated, imprisoned. Which depends on whether a Bond is posted. Well, yes. And doesn't that seem odd that whether the individual's able to post a Bond that keeps them out of prison determines whether the period of supervised release has expired? Well, I don't think that's in the question of whether or not he's in prison. I mean, that's what Congress... But whether he's in prison. Maybe I'm missing something fundamental. But as I understand it, you keep saying whether or not he's in prison. And my point is whether he's in prison depends on whether he posted the Bond. Well, that's correct. But Congress wrote, with respect, I think a clear statute that said any, as the Fourth Circuit pointed out, any period... We're trying to figure out what the language means. And I guess the question is would Congress have intended a system whereby whether the period of supervised release has expired turns on whether the defendant was able to post a Bond? Well, Congress wrote that it depended on whether or not he was in prison. I take your point that that... We keep going around in circles because... But we are. Because whether he's in... Am I wrong about this? Whether he's in prison turns on whether he posts a Bond. In a particular case, that could be, yes. In this case, it doesn't because there was no Bond. Let's assume those particular cases, we're talking about the application of a statute across the board, not in this particular case, right? Yes. Let's assume those particular cases in which those are the same thing, right? Yes. Then, it seems like what the government's reading suggests is that what Congress intended is that whether the period of supervised release expires depends on whether the person posted a Bond. And that could turn on other things like do they have the resources to post a Bond? And that just seems like quite a strange system to impute to Congress that what they intended to do was to say, well, whether your period of supervised release has expired, you know, it's on the happenstance of whether you're able to post a Bond. And the... Go ahead. I'm sorry. No, go ahead. Answer the question. Well, Congress was clear with respect to saying that any period of imprisonment...  ...as the surrogate court, that would be superfluous. You're not answering Judge Srinivasan's question. You keep going back to your view of the language. He's asking you a question about whether your interpretation of the language really makes any sense. And I guess just to maybe clarify, another way of reading the statute, which Mr. Marsh proposes, is that detention is not imprisonment. And so one way of making sense of the statute is when it says imprisoned in connection with a conviction, it means you've been convicted and you're in prison pursuant to that, as distinct from this kind of detention as a period of imprisonment. And so I think Judge Srinivasan's point goes to, well, isn't it more reasonable to read that as detention is distinct from imprisonment? Indeed, detention is accomplished either by keeping someone locked up or by putting a financial lien in effect on their freedom. And neither of those are something that we treat as imprisonment for purposes of the tort. Well, that's exactly what the Ninth Circuit interpreted. And it's what the other circuits expressly rejected, including the Ninth Circuit said that Congress has never used the term imprisonment with respect to pretrial detention. But the general arrest statute does exactly that, as the other circuits pointed out, both the Fourth and the Fifth Circuit. So the Ninth Circuit was just completely wrong with respect to that. Congress has referred to imprisonment for pretrial detention. And in this statute, they have said any period of imprisonment that is in connection with a conviction. And as the majority circuits have said, that language would be completely superfluous if the Ninth Circuit reading of the statutory language was correct. So it simply cannot be correct. It doesn't seem to me that it would be completely superfluous. But I guess I keep coming back to the question of whether it makes sense. So even if you assume that the term imprisonment can encompass pretrial detention, the question is whether this statute should be read that way. And I guess I keep coming back to the question of whether Congress would have intended a system in which whether your supervised release has run turns on whether you happen to be able to post a bond. Well, I think it does make sense, at least in those cases, as the Fourth Circuit has said.  In those cases such as here, where the court gave credit in the ultimate sentence. So if it didn't apply to any other case as the Fourth Circuit held, which limited it to cases such as here, where the defendant is given credit for time served because of pretrial detention, that's coming out of the period of imprisonment after the sentence. But what about my case where someone is in detention for a period of time during which the supervised release lapses and then manages to post bond and is out for a period of time and travels out of state in a way that would violate supervised release if he were under it, wouldn't if he's not, he thinks he's not because it's finished, and then is convicted and gets credit for the pre-bail period of detention. So you're saying, oh, well, in that case you can read the language differently? I mean, we have to answer that case as well as this case, and that's the problem. I think that's simply a matter of looking at the time period in which the person was detained, imprisoned, and you back out that, or you stop the clock from running. If he's not imprisoned, i.e., by bail or maybe even escape, I don't know. He would not be in prison under the statute, and therefore that time period would not stop the clock from running. If he were bailed out, I think that he goes back on the supervised term and the clock starts running. If it expires, it expires at that point. Let's go back, if we could, to the language of the statute. You say the statute's clear, but what about the use, Congress used the word is, which suggests to me that the Ninth Circuit's view. I didn't hear you. Congress uses the word is. Is in prison. Is in prison. Yes. So while a person is in pretrial detention, as in this case, you can't say that he, quote, is in prison in connection with a conviction. Well, I think you can. At that time? Not at that time, you can't. He is in prison in terms of a conviction. You don't know about that. There's no question that this is, in a particular case, uncertain at the time. Could you just focus on my question? I'm sorry, Your Honor. In the use of the word is. Is is defined by statute. What Congress has said in the Dictionary Act, and the Supreme Court has said this, when a word is in the present, is, it can mean present or future, not past. So at the time this defendant was in pretrial detention, you could not say that he, quote, is in prison in connection with a conviction. So just tell me, respond to that question. I think you're correct taking that in isolation. I just read you most of the statute. Is in connection with. Well, but. Is in connection with a conviction. But it is. What language am I not dealing with? Well, because the conviction happens after the fact. That's my whole point of that. Well, I understand, yes. So do you not have an answer to that? Is that your point? I have the same answer that the other circuits in the rest of them recognize. The other circuits did not address this word. It's not mentioned in any of the other circuit decisions. The question of the uncertainty with respect to the later. No, the question. I'm sorry, I'm not following you. Is means. No circuit has focused on what the meaning of is is. Not that I'm aware of. No, not the word. Not that I'm aware of. Are you, do you think one of the other circuits, one of the non-Ninth Circuit decisions did? No, no, I'm conceding. I've read none of the circuits to focus on that. Can you help me with this? I'm suggesting that to me this suggests that the Ninth Circuit's view, although they didn't deal with it, is probably right. And I'm asking you whether you have an explanation of how Congress's use of the word is might nevertheless allow us to rule in your favor. That's my question. Because of the other words. Which other words? The other words of any period of imprisonment in connection with a conviction. And any, that would, as the other circuits have said, would be superfluous in connection with a, if it didn't mean, if any period of imprisonment didn't mean all periods of imprisonment, both pre-trial and, excuse me, pre-conviction and post-conviction, then that would be superfluous. What's superfluous? It's referring to any period of conviction on a federal, state, or local. It's like, we don't care, it's not just federal, we're talking about federal, state, or local. Any of those. Seems to me that that whole phrase is about, look, yeah, this is the federal law, this is the federal system, how are we, for purposes of federal supervised release, going to treat intervening, you know, periods of imprisonment for other offenses? We're telling you how. Well, I think, I believe in the context it refers, I think the more reasonable, I take the court's point, but I think the more reasonable interpretation is that any period of incarceration in connection with a conviction is referring to any of the particular convictions and is limited to that. So if that is the case, then any period of imprisonment in connection with that conviction, even though it happens later, necessarily includes all periods. I'm still not understanding that point. Any period, what's the difference between any period and, are you saying any is superfluous? Well, yes. As opposed to a? Both any and in connection with. It's in the same sentence. Any period of incarceration in connection with a, imprisonment in connection with a conviction. Well, it has to say period. The statute has to say period in connection with a conviction. Otherwise, the sentence is nonsensical. So you have to use the word period. And then the question is, are you saying that to be non-superfluous, Congress needed to use a period instead of any period? Then what's the superfluity? Well, in other words, if the Ninth Circuit is correct that only post-conviction imprisonment is what the statute meant, it would not have to say any period of imprisonment. What would it have said? It would say the period of imprisonment in connection. So it's the use of any instead of they. Well, the Fourth Circuit focused very heavily on that in its statutory interpretation. I understand that the Fourth Circuit did that, but I guess it just seems to me that it's entirely natural to say any period as opposed to the period as opposed to a period. It's just talking about whatever period we're dealing with that's post-conviction. Particularly since there could be more than one, and there often is more than one. So it's a state or local. It's all of the above. I take the Court's point. I think the more reasonable one is that which the Fourth Circuit interpreted it. And the courts have recognized that there may be cases in which whether or not there's conviction later, and it's no question, it's an oddity. Because we normally want to get here not faced with this because we'll file a warrant. That didn't happen here. But I think the reasoning of the Four Circuits that addressed this are correct. None have followed the Ninth Circuit expressly declining to do so for various reasons, including many that we've talked about. Yeah, it is an oddity. On the other hand, there's five reported courts of appeals opinions, so it's not that it never comes up. It does come up on some occasions. Shall I address the second point? Yeah, actually. Okay. I have a question for you. So you argue that the sentencing judge here did not have a policy, right? I mean, that's your argument. Correct. But isn't there another pretty serious problem here? He said, the sentencing judge said, he said this, quote, if the statute permits 36, I can see no reason not to depart upward to the top. None. So isn't it the wrong inquiry for a sentencing judge? He started at the top and asked whether he should go down, whereas our case law is extremely clear that you have to start, the district judge has to start with the guideline range and then consider whether there are any reasons to go upward. Right? Isn't this just a complete departure from the circuits? That's all the court said. And out of context, I would agree with you 100%. But on the first day of the hearing, the court made it very clear. It's the court's choice whether to give a sentence that is within the range, above the range or below the range. And the court obviously has to take into consideration his conduct, not just his two trips of previous violations, but engaging in conspiracy involving the distribution of cocaine during the very period in which he was on supervised release by this court. So the court made very clear that it understood that it had the option and was going to consider. And then on the second day of continued the hearing to permit the 20 letters to be served upon the court. The court had all of the records from the other criminal trial before Judge. Uh, uh, color to tell a, um, before him, receive the letters, consider those all listened to counsel's argument. Um, and made factual and credibility determination. Listen to the defendant. The defendant got up and said, Your Honor, I didn't begin my criminal activity. I don't want this court to be under the impression that I got right out of jail and went right into this. The court rejected that. The court made a factual and credibility determination that you went right back out after you were released in 2008. The notion that he for two years was on the up and up is simply believable. The record is as the district court found. But he also said, I mean, how can you say he didn't have a policy of starting at the high end when he said anybody who's practiced before me knows you just have to ask one question. What is the most the judge can give me under the law? Well, of course, that that was reminding the defendant that that was the speech that he gave to him at his original. So all the more support for the notion that this district judge has a policy with respect to your honor. I think what it was in context is reminding the defendant that he the district court of the original sentencing attempted to put the fear of God in this defendant and to impress upon him the seriousness of if you mess up. I think that in context, it is not a recitation of of a policy. And to the extent expressed said that he tells every defendant. Well, I think he I think that every lawyer who appears before him knows that I understand that you're on the prosecutor. And then he said, you know, the prosecutor, he hasn't been here that much. So he doesn't know about my policy. So why are you laughing? Isn't doesn't that suggest that he had a policy? I was sniffing. I'm sorry. Excuse me. For the reasons that I recited, I don't think that to the extent that he had a policy in this case, he made it clear that he understood that he had the choices with respect to where to impose the sentence, what factors he was to consider. And then he went on to to to make specific credibility and factual findings with respect to this individual defendant and his conduct of his going right back in violation of having looked the court in the eye on the previous indication at the previous sentencing and said, I intend to get my life straight. This will be the last you'll see of me. That's a factual determination. Rejecting. All right. Thank you. Well, over time. Thank you. Thank you. Your Honor. Briefly, in regard to the jurisdictional issue, I would like to point out that a district court is not required to continue hearing on the violation of supervised release. The judge can violate someone just because of being probable cause to arrest the person and to charge the person. So, therefore, if the judge goes ahead and sentences the person on the violation prior to a conviction, then there would be no tolling. And I think the government's reading of the statute, there's just too many possible scenarios on how the statute would apply or not apply. And I submit that it has to apply the same way in every case. And unless the court has additional questions. Ms. Davis, you were appointed to represent Mr. Marsh by the court, and we are grateful for your assistance. Thank you. Thank you.
judges: Tatel, Srinivasan, Pillard